IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

CORTEC CORPORATION )
                       Plaintiff, )
v. )
TRANSILWRAP COMPANY, INC. )
                       Defendant. )

Case No. 14-cv- 3261 (JNE/SSM)

RECEIVED
14 AUG 26 AM 11:12
CLERK U.S. DIST COURT
MINNEAPOLIS MN

## COMPLAINT FOR INJUNCTIVE RELIEF
## AND DAMAGES FOR TRADEMARK INFRINGEMENT; UNFAIR
## COMPETITION; FALSE DESIGNATION OF ORIGIN; AND DECEPTIVE
## TRADE PRACTICES

Plaintiff, Cortec Corporation (hereinafter "Cortec" or "Plaintiff"), in connection with its complaint against Defendant Transilwrap Company, Inc. (hereinafter "Transilwrap" or "Defendant") states as follows:

### I. JURISDICTIONAL STATEMENT

1.      This is an action is brought under the Trademark Act, 15 U.S.C. § 1051, *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and 1338(b). Cortec's claims for unfair competition, dilution, and deceptive trade practices are brought pursuant to 28 U.S.C. § 1338(b).

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) based on the fact that Transilwrap transacts business in this district.

1


SCANNED
AUG 26 2014
U.S. DISTRICT COURT MPLS

## II. BACKGROUND

3.      Plaintiff Cortec is a Minnesota corporation having its principal place of business at 4119 White Bear Parkway, St. Paul, Minnesota 55110.

4.      Defendant Transilwrap is an Illinois corporation having a principal place of business at 9201 Belmont Avenue, Franklin Park, Illinois 60131-2887.

5.      Cortec is in the business of producing, marketing, and selling vapor phase corrosion inhibitor plastic film (hereinafter "film") for use in connection with, for example, industrial or commercial wrapping.  Cortec affixes the color blue as a trademark to its film, and has done so since 1981.

6.      Cortec's blue marked film has developed an excellent reputation for quality within the relevant markets.  Cortec's blue marked film has generated an enormous amount of goodwill that is symbolized by the color blue.  Cortec's blue marked film is associated with Cortec in the minds of consumers at all levels.  Cortec's COLOR BLUE trademark is an extremely valuable asset of Cortec.

7.      Cortec is the owner of the entire right, title, and interest in and to U.S. Trademark Reg. No. 2,466,727, registered for the COLOR BLUE as used in connection with vapor phase corrosion inhibitor plastic film for industrial or commercial wrapping. A copy of this registration is attached hereto as Exhibit 1.

8.      Recently, and long after the color blue acquired distinctiveness as a source indicator for Cortec's film products, Transilwrap commenced selling competitive blue marked film products not originating with Cortec on the open market.

A.    **COUNT I:  Violation of Lanham Act § 43(A)**

9.    Cortec incorporates by reference paragraphs 1-8 of this Complaint set forth above.

10.    Transilwrap's unauthorized use of Cortec's COLOR BLUE mark on and in connection with its film products constitutes false designation of origin and false description or representation, and such use is likely to cause confusion as to the source of Transilwrap's blue film products.  Such conduct violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

B.    **COUNT II:  Common Law Trademark Infringement**

11.    Plaintiff hereby incorporates by reference paragraphs 1-10 of this Complaint set forth above.

12.    The conduct set forth in paragraphs 1-11 constitutes common law trademark infringement.  Transilwrap's use of Cortec's COLOR BLUE trademark, without Cortec's authorization, creates a likelihood of confusion, deception, and is misleading.  Transilwrap's conduct set forth will cause purchasers of blue film products emanating from Transilwrap to reasonably believe that Transilwrap's film products emanate from, are backed by, are associated with, or otherwise are sponsored by Cortec. Such conduct constitutes an infringement of Cortec's common law rights in its COLOR BLUE trademark.

C.    **COUNT III:  Unfair Competition**

13.  Plaintiff hereby incorporates by reference paragraphs 1-12 of this Complaint set forth above.

14. The conduct and activities of Transilwrap set forth above constitute unfair competition under the laws of the State of Minnesota.

**D. COUNT IV: Deceptive Trade Practices**

15. Plaintiff hereby incorporates by reference paragraphs 1-14 of this Complaint set forth above.

16. The conduct and activities of Transilwrap set forth above constitute deceptive trade practices within the meaning of Minn. Stat. 325D.44 et seq.

**E. COUNT V: Federal Trademark Infringement**

17. Plaintiff hereby incorporates by reference paragraphs 1-16 of this Complaint set forth above.

18. The conduct and activities of Transilwrap set forth above constitute Federal Trademark Infringement of U.S. Reg. No. 2,466,727 within the meaning of 15 U.S.C. §1114. The consuming public has developed a recognition of and association with Cortec as the source of COLOR BLUE vapor corrosion inhibitor film. Cortec has established secondary meaning in the COLOR BLUE as applied to vapor corrosion inhibitor plastic film.

19. Cortec's COLOR BLUE registration is not functional, is not ornamental, is not generic, and has developed recognition and association with Cortec as the source of COLOR BLUE vapor corrosion inhibitor film within the relevant markets.

20. Transilwrap's infringement is not excused by any alleged detrimental reliance, and Cortec has not acquiesced to Transilwrap's infringing conduct.

4

## III.  **PRAYER FOR RELIEF**

Wherefore, Cortec requests the following relief from this Court:

1.     That Transilwrap be preliminarily and permanently enjoined and prohibited from using Cortec's COLOR BLUE trademark or any other confusingly similar designation in connection with the products discussed herein.

2.     That Cortec be awarded an amount equivalent to all damages sustained by it as allowed under all relevant federal and state statutes and common law, including Transilwrap's profits which it, Transilwrap, has realized as a result of its sale of blue film products not originating from Cortec.

3.     That Cortec be awarded its reasonable attorney's fees and court costs.

4.     That Transilwrap be compelled to deliver up for destruction all blue film products, discussed in this Complaint, not originating from Cortec.

5.     That Transilwrap be compelled to deliver up for destruction all advertising and promotional materials in its possession which advertise or promote film products under the COLOR BLUE trademark.

6.     Cortec further requests such other and further relief as the Court may deem equitable and just.

## IV.  **DEMAND FOR JURY TRIAL**

Cortec hereby demands a trial by jury for all issues triable to a jury pleaded herein.

Respectfully submitted,

HAUGEN LAW FIRM PLLP

Date:  August 26, 2014

Eric O. Haugen, Esq.
MN ID #189807
1130 TCF Tower
121 South Eighth Street
Minneapolis, MN 55402
Phone: (612) 339-8300
FAX: (612) 339-8200

Attorneys for Plaintiff,
Cortec Corporation

6